what has been received cannot be restored, so as to justify the equitable remedy of rescinding. At other times, if this court can, in a particular case, make an award of damages, as it sometimes does, it must be where part of the property can be restored, and damages allowed for the rest, or where a restoration is impossible through the wrong of the opposite side, or where jurisdiction exists, for other grounds and reasons, to proceed and give damages alone. Warner v. Daniels [Case No. 17,181]; 2 Story, Eq. Jur. § 794; 3 Merivale, 643. Whether damages alone could be given in equity, on the facts appearing here, or damages and a restoration of the drafts and notes, is very doubtful, if the bill was by Otis against both of these respondents. But it is quite certain that Simpson has no claim to such a decree, in a bill in the present form, and against both of them. His best chance for a recovery would seem, on the present evidence, to be in a bill against Wiggin alone, for his coöperation with Otis in representations in the sale at Detroit, as to the tobacco, which the plaintiff considers clearly exaggerated and untrue. But whether a recovery at all could then be had, or how much damages Simpson thus sustained, or what would be the true rule of damages then, and what the new evidence and principles to govern a recovery in such cases, different from those proper in a bill in form like this, and against Copeland, as well as Wiggin, cannot be properly decided now. But in order to leave the door entirely open for any other relief the complainant may be advised to attempt, I propose to let this bill be dismissed without prejudice.

An injunction now existing against the negotiation of the notes by Wiggin, it was allowed, on motion, that the decree of dismissal be not entered till the next term, in order, in the meantime, that new proceedings be instituted or the controversy arranged.

---

SIMPSON (WILSON v.).    See Case No. 17,834.

SIMPSON, The LOUISA.    See Case No. 8,533.

---

## Case No. 12,888.

In re SIMS.

[16 N. B. R. (1878) 251.] [1]

District Court, E. D. Michigan.

BANKRUPTCY — MORTGAGE GIVEN AFTER COMMENCEMENT OF PROCEEDINGS—MOTION TO SET ASIDE.

An assignee may petition summarily to set aside a mortgage given after the commencement of proceedings in bankruptcy. Resort to a bill in equity is unnecessary.

On petition of assignee to set aside mortgage. A creditor's petition was filed against Stephen Sims July 11, 1876. On July 20th

he gave a mortgage to Atkinson & Atkinson, to secure their pay for services to be rendered by them in resisting the creditor's petition. He was duly adjudicated a bankrupt October 23d.

Burt & Burritt, for assignee.
Mr. Atkinson, in pro. per.

BROWN, District Judge. Respondents defended solely upon the ground that this court has no jurisdiction to proceed, summarily, to set aside the mortgage, and claim that the assignee must be driven to a bill in equity. In support of this position, the cases of Smith v. Mason, 14 Wall. [81 U. S.] 419; Marshall v. Knox, 16 Wall. [83 U. S.] 551; and In re Marter [Case No. 9,143], decided by this court, are relied upon. I am clearly of the opinion that these cases have no application to a proceeding like the one under consideration, where it is sought to set aside a mortgage given by the bankrupt after proceedings in bankruptcy have been commenced. The rule, in the opinions above cited, has been confined to cases where the adverse party claims an absolute title and dominion over the property of the bankrupt acquired by him prior to the proceedings in bankruptcy. The title of the assignee relates back to the commencement of those proceedings, and a mortgage upon the estate taken after that, is virtually an incumbrance upon the property of the assignee. While the taking of such mortgage is not unlawful, and the same would constitute a valid incumbrance upon the property, if the petition were dismissed, of course the mortgagee must assume the risk of being required to release it, if the petition is sustained. Where the property affected by the lien is confessedly the property of the bankrupt, and has passed to the assignee, and it only remains to ascertain and liquidate the alleged lien, the summary jurisdiction of this court is entirely adequate. In re Clark [Id. 2,801]; In re Ulrich [Id. 14,328]; Ex parte Bryan [Id. 2,061]. An order will be entered requiring the mortgagees to release the mortgage.

[See Case No. 12,889.]

---

## Case No. 12,889.

In re SIMS.

[19 N. B. R. 57.] [1]

District Court, E. D. Michigan.    June 24, 1878.

BANKRUPTCY—MORTGAGE — GOOD FAITH—ACTUAL VALUE.

When a bankrupt, within two months prior to the commencement of proceedings, had mortgaged his stock of goods, it being understood before the mortgage was executed that the consideration he received from the mortgagee should be paid to and accepted by a creditor then pressing the payment of a debt past due, for the same sum at which he received it, the mortgagee and the creditor being present and active in the negotiation with the bankrupt, the

[1] [Reprinted by permission.]

[1] [Reprinted by permission.]